

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

August 21, 1990

Ms. Cecilia Garcia Akers, P.T.
Chairman
Texas State Board of Physical
  Therapy Examiners
313 East Rundberg Lane
Suite 113
Austin, Texas  78753

Opinion No.  JM-1211

Re:  Whether a chiropractor
may advertise that he  per-
forms physical therapy
(RQ-1742)

Dear Ms. Akers:

You ask whether  a licensed chiropractor  who is not  a licensed physical therapist  may advertise  his services  as "physical therapy."

Section 7(a)  of  the  Physical  Therapy  Act,  article 4512e, V.T.C.S., provides that:

> A person  may  not practice  or  represent himself as able to practice physical therapy, or  act  or  represent  himself  as  being  a physical  therapist  unless  he  is  licensed under this Act.

At first glance, it would appear that a chiropractor who  is not also  a licensed  physical therapist  may not  advertise that he performs "physical therapy." However, section 6  of the same statute declares:

> This Act does not apply to:
>
>     (1)  a licensee  of another  state  agency performing health-care  services  within  the scope of the applicable licensing act . . . .

Thus, by the specific language of the Physical Therapy  Act, a chiropractor, who is "a  licensee of another state  agency performing health-care services,"  is totally exempted  from every provision of the act.

It might be questioned whether "performing  health-care services" includes  the advertising  of those  services.  To resolve this  doubt, it  is instructive  to compare  similar

provisions of the Chiropractic Act, section 5a of article 4512b, V.T.C.S. That statute states initially that:

> A person may not practice chiropractic without being licensed to do so by the Texas Board of Chiropractic Examiners.

Unlike article 4512e, however, article 4512b furnishes more details regarding the application of its terms to other health care professionals. Specifically, section 13(d) states:

> This Act does not apply to a physical therapist duly qualified and licensed under Chapter 836, Acts of the 62nd Legislature, Regular Session, 1971 (Article 4512e, Vernon's Texas Civil Statutes), provided:
>
> (1) the physical therapist does not hold himself or herself out to the public as a chiropractor or use the term 'chiropractor,' 'chiropractic,' 'doctor of chiropractic,' 'D.C.,' or any derivative of those terms in connection with his or her name or practice; and
>
> (2) the physical therapist practices strictly within the scope of the license so held and in strict conformity with all applicable laws and regulations relating to the licensure.

Other exceptions in section 13 apply to physicians and surgeons, registered nurses, licensed vocational nurses, massage therapists, and persons who provide spinal screening services under article 4477-70, V.T.C.S.

Since the legislature, while exempting physical therapists from the terms of the Chiropractic Act, has in plain terms forbade them to advertise themselves as "chiropractors," it must be presumed that the legislature knows how to prohibit advertising when it wants to do so.

With regard to chiropractors' advertising their services as "physical therapy," the Legislature has not done so. On the contrary, it has completely exempted chiropractors from the scope of the Physical Therapy Act. We conclude that a licensed chiropractor who is not a licensed physical therapist may advertise his services as "physical therapy."

## S U M M A R Y

A licensed chiropractor who is not a licensed physical therapist may advertise his services as "physical therapy."

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Rick Gilpin
Assistant Attorney General